Kevin CUMMINGS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8811–CR–932.

Supreme Court of Indiana.

May 25, 1990.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received a sentence of fifty (50) years.

The facts are: On October 12, 1987, the body of Timothy Kondos was found at Robinson Lake in Hobart, Indiana. Kondos had been killed by three bullet wounds to the head. He owned a light-green 1977 Oldsmobile Cutlass which had been at the scene of the murder.

Appellant was arrested in Milwaukee, Wisconsin while driving Kondos' Oldsmobile Cutlass. With the help of appellant's brother, police officers were able to recover the weapon that appellant said was involved in the shooting. A firearms expert

testified that the shots which killed Kondos were fired from that gun.

In a statement given to the police, appellant stated that he and the victim were smoking marijuana, using THC, and drinking beer and wine that night. He stated that they rode to the scene of the crime together where they used drugs. Appellant claimed Kondos started grabbing him and his gun. In the struggle that followed, the gun "went off about five times." Appellant then pulled Kondos' body to the lake and took his wallet. On the morning after the shooting, appellant told acquaintances that he "just shot someone" and asked his friends for money to go to Milwaukee.

Appellant claims the trial court erred in not instructing the jury on the defense of voluntary intoxication. Appellant concedes that no such instruction was requested by trial counsel. However, he contends the absence of such an instruction is fundamental error. Appellant concedes that the court's Final Instruction No. 10 in fact did cover the subject of intoxication as a defense.

However, he claims that because the first paragraph of that instruction dealt with his defense of insanity the two were so commingled and interrelated that the jury could have become confused over the defense of insanity and the defense of intoxication. We cannot agree with appellant in this observation.

The second paragraph of Instruction 10 correctly states the law in Indiana as to the correct application of the defense of intoxication from alcohol or other drugs. In view of the fact that this instruction was given, we cannot say that fundamental error occurred simply because the content of the second paragraph of Instruction No. 10 was not set out as a separate instruction. We find no fundamental error on this issue.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.